# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHARLES LINDALE MOBLEY**
        **Petitioner,**

   v.                                     Case No. 09-C-1143

**JEFFERY PUGH,**
        **Respondent.**

---

## ORDER

On December 14, 2009, Charles Lindale Mobley filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of two counts of second degree intentional homicide. He was sentenced to two terms of twenty years' imprisonment and is currently incarcerated at Stanley Correctional Institution.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases.

Mobley presents two claims. First, he argues that the trial court abused its discretion when it sentenced him after viewing a victim impact statement that, in Mobley's view, was supposed to be sealed. Second, he argues that his trial counsel should have objected to the court's use of this statement during sentencing and that her failure to do

so constituted ineffective assistance of counsel. Mobley's first claim is not cognizable on habeas review because it does not implicate the Constitution or any other federal law. See Perruquet v. Briley, 390 F.3d 505, 511 (7th Cir. 2004) ("The remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene."). However, ineffective assistance of counsel is a cognizable claim, see, e.g., Strickland v. Washington, 466 U.S. 668 (1984), and therefore Mobley will be allowed to proceed on his second claim.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent file an answer, motion, or other response to the petition.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with or in lieu of its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with or in lieu of its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have 45 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and

2

(2) respondent shall have 30 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 4 day of January, 2010.

/s_____
LYNN ADELMAN
District Judge

3

Case 2:09-cv-01143-LA   Filed 01/04/10   Page 3 of 3   Document 2