# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**CHARLES LINDALE MOBLEY**
        **Petitioner,**

        **v.**                                                                 **Case No. 09-C-1143**

**JEFFERY PUGH,**
                **Respondent.**

---

## DECISION AND ORDER

Petitioner Charles Mobley, a Wisconsin state prisoner, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court conviction of two counts of second-degree intentional homicide as a party to the crime on the ground that his trial counsel was ineffective.  Before me now is respondent's motion to dismiss on the ground that petitioner's application for federal habeas relief is untimely.  Under 28 U.S.C. § 2254(d)(1), a federal habeas petitioner has one year from the date his state court conviction becomes final to seek relief.  In the present case, petitioner's state court conviction became final on October 1, 1996, when petitioner was sentenced after pleading guilty.  Petitioner did not file his application for federal habeas relief until December 14, 2009, over thirteen years later.  Thus, his federal habeas petition is untimely.

In October 2002, petitioner filed a motion in state court, arguing that the State violated the plea agreement.  The court agreed with petitioner and ordered that he be resentenced. On July 14, 2003, petitioner was resentenced to two consecutive twenty-year

terms.  Petitioner did not appeal from his resentencing.  In 2007, petitioner brought another challenge to his conviction in state court but did not obtain relief.

Petitioner's post-October 2002 state-court challenges do not solve his untimeliness problem.  Even if I assume that the one-year statute of limitations re-commenced on July 14, 2003 when petitioner was resentenced, petitioner did not seek federal habeas relief until December 14, 2009, more than six years later.  Although the one-year statute of limitations period is subject to tolling, none of the tolling doctrines apply here.  Petitioner's 2007 state court challenge does not help him, see 28 U.S.C. § 2244(d)(2), because by that time, the limitations period had long since run.  Nor is petitioner entitled to the benefit of the doctrine of equitable tolling because no circumstances beyond his control prevented him from filing a federal habeas petition.  See Sims v. Acevedo, 595 F.3d 774, 781 (7th Cir. 2010).  Although petitioner argues that he is entitled to equitable tolling because his lawyers failed to follow his instructions and file appeals from his original conviction and the 2003 resentencing, a lawyer's mistake is not an extraordinary circumstance justifying the application of equitable tolling.  Johnson v. McCaughtry, 265 F.3d 559, 566 (7th Cir. 2001).  Likewise, although petitioner states that his failure to file a timely habeas petition was due to his lack of legal training, a pro se petitioner's lack of legal knowledge is not grounds for equitable tolling.  Montenegro v. United States, 248 F.3d 585, 594 (7th Cir. 2001), overruled on other grounds by Ashley v. United States, 266 F.3d 671 (7th Cir. 2001).

Therefore, **IT IS ORDERED** that respondent's motion to dismiss is **GRANTED** and this case **DISMISSED**.  The clerk of court shall enter final judgment.  Pursuant to Rule

Case 2:09-cv-01143-LA   Filed 06/02/10   Page 2 of 3   Document 9

11(a) of the Rules Governing Section 2254 Cases, I determine that petitioner is not entitled

to a certificate of appealability.

      Dated at Milwaukee, Wisconsin, this 2 day of June, 2010.


/s_____
LYNN ADELMAN
District Judge